Michael R. Bracamontes (SBN 242655)
Ryan J. Vlasak (SBN 241581)
Kristen M. Ross (SBN 250917)
BRACAMONTES & VLASAK, P.C.
220 Montgomery Street, Suite 870
San Francisco, CA 94104
Phone: (415) 835-6777
Fax:     (415) 835-6780

Attorneys for Plaintiff Dale Chung

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE CHUNG,

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, MICHAEL HENNESEY, and DOES 1 to 20, inclusive,

    Defendants.

CASE NO.: CV-10 1099 PJH

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff Dale Chung sues City and County of San Francisco, Michael Hennessey, and Does 1 to 20, inclusive, ("Defendants"), and each of them, demands a trial by jury of all issues, and for causes of action alleges:

### JURISDICTION

1. This action arises under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

### VENUE AND INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of San Francisco, State of California. Accordingly, venue and assignment is proper in the United States District Court for the Northern District of California, San Francisco division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3-2(d).

### PARTIES

3. Plaintiff Dale Chung is an adult over the age of 18 and at all times mentioned herein was, and still

1. is, a resident of the City and County of San Francisco, State of California.

4. Defendant City and County of San Francisco is, and at all relevant times mentioned herein was, a municipal corporation duly organized and existing under the laws of the State of California.

5. Defendant Michael Hennessey is, and at all relevant times mentioned herein was, the Sheriff for the City and County of San Francisco. Defendant Hennessey is sued in his individual and official capacities. Upon information and belief, Defendant Hennessey was the policy-maker for Defendant City of San Francisco on the matters alleged herein related to the customs, policies, practices, of the City of San Francisco Sheriff's Department, including, but not limited to, customs, policies and practices related to the training, supervision, hiring and discipline of police officers and with respect to the management and supervision of the City and County of San Francisco Police Department and Sheriff's Work Alternative Program ("SWAP").

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOE ONE through DOE TWENTY, inclusive. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of the DOE defendants is responsible in some manner for the occurrences and injuries alleged in this complaint.

7. At all times mentioned in the causes of action to which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each of the Defendants alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other Defendant.

## STATEMENT OF FACTS

8. On July 7, 2009, Mr. Chung was sentenced to participation in the Sheriff's Work Alternative Program ("SWAP") by Judge Cynthia Lee.

9. Per the court's order, Mr. Chung proceeded to the Sheriff's office located a few blocks away at 825

Bryant Street, San Francisco CA, 94103 that same day. The bailiff in the courthouse informed Mr. Chung that he needed to proceed to the Sheriff's office immediately, otherwise a bench warrant would be issued for Mr. Chung's arrest.

10. After approaching a Sheriff's deputy to enroll in SWAP, Mr. Chung was taken into custody and then informed that he was not eligible for SWAP because he was charged with misdemeanor assault.

11. Mr. Chung was ordered to empty his pockets and handcuffed to a bench for almost two hours. The Sheriff's deputy then transported Mr. Chung to the county jail.

12. Mr. Chung proceeded to explain that he was ordered to the SWAP program by Judge Lee and that he was not to serve time in the county jail.

13. The Sheriff's deputy refused to accept Mr. Chung's explanation and remanded him into custody on July 7, 2010.

14. While in custody, Mr. Chung contacted his criminal attorney, Mr. Clifford Gould ("Mr. Gould"). Mr. Gould immediately contacted the Sheriff's office and informed them that a mistake had been made and Mr. Chung should be enrolled in SWAP and released from custody. The Sheriff's office refused to release Mr. Chung. Mr. Gould then suggested that Mr. Chung be brought back to the courthouse, which is down the street from the Sheriff's office, so that Judge Lee could inform the Sheriff that Mr. Chung should be immediately released from custody. The Sheriff's office refused to bring Mr. Chung back to court. The names and identity of the Sheriff's deputies involved in this matter are currently unknown by Mr. Chung.

15. Mr. Gould then contacted the Sheriff's attorney, Jim Harrington, to inform and notify him of the judicial order for Mr. Chung's participation in the SWAP program and that Mr. Chung was not to serve jail time. Mr. Harrington informed Mr. Gould that nothing could be done and Mr. Chung would have to stay in custody.

16. Mr. Chung was held overnight in the county jail, despite Judge Lee's order that he was not to serve jail time.

17. On July 8, 2009, Mr. Chung was brought before Judge Lee, who modified his sentence to only include community service. Judge Lee apologized on the record to Mr. Chung for his being jailed.

*Chung v. City of San Francisco, et al. - Complaint for Damages*

18. As a result of Defendants acts and/or omissions, Mr. Chung was terminated from his job of 21 years for failing to show up to work. Mr. Chung has taken classes to start a new career, but has been unable to secure a job. As a result, Mr. Chung has been unemployed for eight months and suffered lost wages therefrom.

19. As a further result of Defendants acts and/or omissions, Mr. Chung has suffered, and continues to suffer, severe emotional distress, including depression, anxiety, worry, and fear. During the time Mr. Chung was wrongfully incarcerated, he was also supposed to be making funeral preparations for his recently deceased mother.

20. The conduct of Defendant Hennessey, in remanding Mr. Chung was intentional, malicious, oppressive, fraudulent and/or done with a conscious or reckless disregard for the Plaintiff's rights and warrants a claim for punitive or exemplary damages in amounts to be determined according to proof.

## COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT

21. Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the City of San Francisco pursuant to the California Tort Claims Act. Said claim was rejected by operation of law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF SAN FRANCISCO AND HENNESSEY)

22. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

23. In doing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to: (a) the right not to be deprived of liberty without Due Process of Law; (b) the right to be free from unreasonable search or seizure; and/or (c) the right to equal protection of the law.

24. It was clear under the law, at the time of the shooting, that the use of deadly force under said circumstances was unreasonable and unconstitutional.

25. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the

- 4 -
*Chung v. City of San Francisco, et al. - Complaint for Damages*

United States Constitution.

26. Plaintiff has incurred and will continue to incur attorney's fees and costs as a result of prosecuting this cause of action.

27. As a direct and proximate result of said acts and omissions, Mr. Chung has suffered actual damages in an amount according to proof.

## SECOND CLAIM FOR RELIEF

## (NEGLIGENCE AGAINST DEFENDANTS CITY OF SAN FRANCISCO AND HENNESSEY)

28. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

29. Defendant Hennessey, while acting within the course and scope of his employment for Defendant City and County of San Francisco, and individually, owed Plaintiff the duty to exercise reasonable care at or about the times of the aforementioned incidents.

30. Defendant Hennessey, by his conduct alleged herein, negligently, carelessly, and wrongfully breached his duty to use reasonable care owed to Plaintiff.

31. Defendant City and County of San Francisco is therefore liable as respondeat superior and/or vicariously for the negligence of its employees and agents within the course and scope of their employment and agency as alleged herein.

32. Plaintiff has incurred and will continue to incur attorney's fees and costs as a result of prosecuting this cause of action.

33. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and injuries as alleged herein.

## THIRD CLAIM FOR RELIEF

## (BATTERY AGAINST DEFENDANTS CITY OF SAN FRANCISCO AND HENNESSEY)

34. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

35. In doing the acts alleged in this Complaint, Defendants caused Plaintiff to be subjected to non-consensual, non-privileged, offensive touching of Plaintiff's body, constituting battery.

36. As a result of said battery, Plaintiff suffered the damages and injuries alleged in this Complaint.

*Chung v. City of San Francisco, et al. - Complaint for Damages*

37. Said battery was caused by Defendants within the course and scope of their employment with Defendant City of San Francisco and/or individually.

38. Plaintiff has incurred and will continue to incur attorney's fees and costs as a result of prosecuting this cause of action.

39. Defendant City and County of San Francisco is therefore liable for said battery as respondeat superior and/or vicariously.

## FOURTH CLAIM FOR RELIEF

### (FALSE IMPRISONMENT AGAINST DEFENDANTS CITY OF SAN FRANCISCO AND HENNESSEY)

40. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

41. In doing the acts alleged in this Complaint, Defendants caused Plaintiff's personal liberty to be violated by direct restraint through physical force against Plaintiff's will, constituting false imprisonment.

42. As a result of said false imprisonment, Plaintiff suffered the damages and injuries alleged in this Complaint.

43. Said false imprisonment was caused by Defendants within the course and scope of their employment with Defendant City and County of San Francisco and/or individually.

44. Plaintiff has incurred and will continue to incur attorney's fees and costs as a result of prosecuting this cause of action.

45. Defendant City and County of San Francisco is therefore liable for said claim as respondeat superior and/or vicariously.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. General damages in amounts to be determined according to proof;

B. Special damages, including but not limited to, lost wages;

C. Statutory damages;

D. Attorneys' fees pursuant to statute;

E. Costs of suit;

F. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

G. An order that Sheriff's deputies present in court, immediately inform the court of SWAP ineligibility where the court has ordered an individual to participate in the SWAP program;

H. For pre and post judgment interest as permitted by law;

I. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff Dale Chung hereby demands a jury trial of all issues triable as of right by jury.

Dated: March 15, 2010

By: _____

Michael R. Bracamontes, Esq.
BRACAMONTES & VLASAK, P.C.
Attorneys for Plaintiff Dale Chung